IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN WALL, )<br>)<br>Defendant. ) | Crim. No. 11-046-SLR |

**MEMORANDUM**

At Wilmington this //*th* day of February, 2015, having considered defendant's motion to modify restitution payments and the papers submitted in connection therewith, the court will deny said motion, for the reasons that follow:

1. A federal grand jury returned a thirty-count indictment charging defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; identify theft, in violation of 18 U.S.C. § 1028(a)(7); access device fraud, in violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(a)(i); fraudulent use of Social Security numbers, in violation of 42 U.S.C. § 408(a)(7)(B); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. A jury found defendant guilty on all counts. She was sentenced to 81 months of incarceration and ordered to pay restitution (and the special assessment) in the amount of $111,098.49. (D.I. 107) Defendant's appeal of the judgment of conviction was denied by the Third Circuit on December 16, 2014. (D.I. 127)

2. On February 24, 2014, defendant, proceeding pro se, filed a motion to modify restitution payments by reducing the amount due each quarter to $25. (D.I. 123) She claims that "employment is hard to gain" at S.F.F. Hazelton (the West Virginia facility where she is incarcerated). (D.I. 123) According to information from Probation and Pretrial Services, defendant is employed at Hazelton as a shower orderly and earns approximately $22 a month, a percentage of which is used to pay the special assessment and restitution while in custody.

3. While defendant has not specified which statute purportedly affords relief, the court finds that 28 U.S.C. § 2241 is implicated since the motion essentially challenges the manner in which the Bureau of Prisons executes the restitution portion of defendant's sentence. *See McGee v. Martinez*, 627 F.3d 933, 936-937 (3d Cir. 2010). A petition for relief under § 2241 must be filed in the district where defendant is confined, which in defendant's case is not the District of Delaware. *Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004). Accordingly, the court lacks jurisdiction to modify defendant's restitution payments. *See United States v. Bax*, 386 Fed. Appx. 39, 41 (3d Cir. 2010). Defendant's motion will be denied and an order shall issue.

United States District Judge

2